[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPEAL
Claimant appealed the Administrator's decision finding him eligible for a weekly benefit plus a dependant's allowance of $20.00 for the benefit year ending January 30, 1993. The CT Page 4407 claimant appealed that decision to the Appeals Referee who affirmed the ruling and the Referee's ruling was affirmed by the Board of Review.
Claimant thereafter appealed to the Superior Court alleging that the Appeals Referee refused to issue a ruling on two separate discovery motions during the hearing and refused to issue a ruling on a request for a continuance.
The court has reviewed the transcript of the hearing before the Appeals Referee. It is clear that the Appeals Referee never ruled on the discovery request nor did she clearly rule on the request for a continuance. Claimant argues that because of these failures he was unsure as to just what the hearing was about or as to whether this was indeed a hearing on the merits. Page eight of the transcript is illustrative. The referee asked the claimant if there was any information that the claimant sought to provide and the claimant responded, "I'm asking for a continuance." At page four, in response to a question as to how many dependents the claimant had, the claimant responded, "Well, we're not into an evidentiary hearing now."
The Administrator argues that the claimant was not entitled to discovery at the hearing in any event. That may well be true, however, the Appeals Referee never advised claimant of that fact, and claimant did not in fact make a presentation of evidence on the understanding that if the motions were denied he would have that opportunity. Colloquy at the close of the hearing is illustrative:
 REFEREE: Let me ask you before I close today's hearing. Is there anything else that you want to say?
 CLAIMANT: Well, I have three motions before you, I'd like to have a ruling on the three motions.
 REFEREE: Okay, I will not make my ruling today, I would have to review it with my Supervising Referee and it will be addressed in my written decision.
CLAIMANT: Then presumably I have a right to CT Page 4408 reopen, in the event that you deny.
 REFEREE: you (sic) have the right to appeal.
CLAIMANT: To reopen the hearing.
 REFEREE: You have the right to file a motion to reopen, and if that should be the case, I would make a ruling on that or an appeal to the Board. Anything further before I close?
It is clear that the claimant did not have a full and proper de novo hearing because of the failure of the Appeals Referee to rule on his requests. The appeal is sustained and the matter is remanded for a de novo hearing before an Appeals Referee.
E. EUGENE SPEAR, JUDGE